NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMILIA FUENTES AYALA, AKA Emilia Ayala, AKA Imelia Fuentes-Ayala, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No.　17-72351 <br><br> Agency No. A200-897-619 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026[**]
Seattle, Washington

Before:　PAEZ, BEA, and BRESS, Circuit Judges.

Emilia Fuentes Ayala, a native and citizen of Mexico, petitions for review of

a Board of Immigration Appeals (BIA) decision dismissing her appeal of an

immigration judge's (IJ) order denying her applications for asylum, withholding of

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture (CAT). We review the denial of asylum, withholding of removal, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Substantial evidence supports the denial of asylum and withholding of removal. To be eligible for asylum, a petitioner "has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, a petitioner must "prove that it is more likely than not" that she will be persecuted "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see* 8 U.S.C. § 1231(b)(3)(A). "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023).

Fuentes Ayala claims she was persecuted based on her membership in a

2

proposed social group consisting of "those in Michoacan who chose neutrality in the feud between the Knights Templar and the self-defense groups," as well as based on her status as an imputed family member of her ex-partner, Baldemar. As to the former group, and even assuming the proposed group is cognizable, the BIA reasonably concluded that Fuentes Ayala did not prove she was a member of the group. The record supports the BIA's determination that Fuentes Ayala "never testified that she chose or expressed an opinion about neutrality."

Regardless, as to both particular social groups, substantial evidence supports the BIA's determination that Fuentes Ayala did not establish a nexus between her past and contemplated harm and a protected ground. Instead, the Knights Templar targeted Baldemar and sought out his location from Fuentes Ayala because the gang wanted to obtain Baldemar's family's property. Fuentes Ayala also testified that she was not threatened until Baldemar was attacked by that group in 2015. Although Fuentes Ayala's experience in Mexico was unfortunate, the record does not compel the conclusion that she established a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Additionally, even apart from the lack of nexus, substantial evidence supports the BIA's further conclusion that Fuentes Ayala did not prove she has an objectively

well-founded fear of future persecution. Fuentes Ayala testified that Baldemar and his family left Aguililla, that their property had been abandoned, and that her own family did not own property in Aguililla. In these circumstances, the BIA could conclude that Fuentes Ayala did not face any particularized risk of being targeted by the Knights Templar if removed to Mexico.[1]

2. Substantial evidence supports the denial of CAT relief. "The Convention Against Torture provides mandatory relief for any immigrant who can demonstrate that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024) (quoting *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200–01 (9th Cir. 2023)). Here, Fuentes Ayala was not previously tortured in Mexico and did not produce evidence suggesting that she was likely to be tortured at the hands of the Mexican government or by a private actor "with the consent or acquiescence of a public official or other person acting in an official capacity." *Barajas-Romero*, 846 F.3d at 361 (citing 8 C.F.R. § 208.18(a)(1)). And though Fuentes Ayala submitted evidence that Mexico suffers from gang violence, "generalized evidence of violence and crime in Mexico is not particular to [Fuentes Ayala] and is insufficient to meet" the standard for CAT relief. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir.

---

[1] The BIA gave other reasons for denying asylum and withholding of removal, but it is not necessary for us to reach these additional grounds.

4

2010) (per curiam).

**PETITION DENIED.**[2]

---

[2] Fuentes Ayala's motion to stay removal, Dkt. 1, is denied.  The temporary stay of removal shall remain in place until the mandate issues.